UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLINE COLLINS,

                Plaintiff,

-against-

CINQ CARE HEALTH HOME,

                Defendant.

25-CV-7752 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting claims of employment discrimination and retaliation. By order dated January 15, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court grants Plaintiff 60 days' leave to amend her complaint.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint, arising from Plaintiff's employment as a care coordinator.[1] She alleges the following: (1) Credential Specialist Monique Walker "harassed" her about "encounters" and made "mean statements and remarks"; (2) Plaintiff's boss, Ben Toure, "yelled at" her; and (3) Nurse Rachel was "concerned with" Plaintiff's "billing and coding services." (ECF 1-2.) Plaintiff complained to her employer about Walker's conduct and alleged "favoritism" showed by a director named Tiffany, but no action was taken. (*Id.* at 2.) Plaintiff alleges that in December 2024, she was wrongfully terminated. Since then, she has applied for many jobs for which she has been "passed over," and she speculates this is "possibly retaliation." (*Id.*) Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination, but "none was found." (*Id.* at 1.) Plaintiff obtained a notice of right-to-sue from the EEOC, but she does not provide the date on which she received it or attach a copy of it to the complaint.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

2

Plaintiff seeks to be rehired in a "higher category" and to have her lost income "replace[d]." (*Id.* at 3.)

## DISCUSSION

Plaintiff does not allege the basis for the alleged discrimination she claims to have experienced.

The Americans with Disabilities Act ("ADA") prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

Title VII of the Civil Rights Act ("Title VII") provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a).

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a).

These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at

work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) the protected characteristic was a motivating factor in the employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination. *Id.* at 87.

Here, Plaintiff lists negative experiences she had at work with various individuals, and she alleges that after she complained, she was terminated and had difficulty securing other employment. Plaintiff characterizes these events as discriminatory and retaliatory. However, Plaintiff does not allege the basis for the alleged discrimination, in other words, the protected characteristic that drove Defendant's conduct. Additionally, Plaintiff does not provide facts supporting an inference that Defendant's actions were either discriminatory or retaliatory.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff may be able to allege additional facts to state a valid employment discrimination claim, the Court grants Plaintiff 60 days' leave to amend her complaint to detail her claims.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.[2]

---

[2] The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-7752 (LLS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[3]

SO ORDERED.

Dated:    April 6, 2026
          New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s).*
*If you cannot fit the names of all of the defendants in the space*
*provided, please write "see attached" in the space above and*
*attach an additional sheet of paper with the full list of names.*
*Typically, the company or organization named in your charge*
*to the Equal Employment Opportunity Commission should be*
*named as a defendant.  Addresses should not be included here.)*

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial:   □ Yes   □ No
            *(check one)*

**___ Civ. _____ ( ___ )**

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e
           to 2000e-17 (race, color, gender, religion, national origin).
           ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a*
           *Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§
           621 - 634.
           ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in*
           *Employment Act, you must first file a charge with the Equal Employment Opportunity*
           *Commission.*

_____    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 -
           12117.
           ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act,*
           *you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity*
           *Commission.*

_____    New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age,
           race, creed, color, national origin, sexual orientation, military status, sex,
           disability, predisposing genetic chacteristics, marital status).

_____    New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to
           131 (actual or perceived age, race, creed, color, national origin, gender,
           disability, marital status, partnership status, sexual orientation, alienage,
           citizenship status).

*Rev. 07/2007*                                   1

## I.    Parties in this complaint:

A.    List your name, address and telephone number.  Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name  _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

B.    List all defendants' names and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant    Name  _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

C.    The address at which I sought employment or was employed by the defendant(s) is:

Employer _____

Street Address  _____

County, City _____

State & Zip Code _____

Telephone Number _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events.  Describe how you were discriminated against.  If you are pursuing claims under other federal or state statutes, you should include facts to support those claims.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____        Failure to hire me.

_____        Termination of my employment.

_____        Failure to promote me.

_____        Failure to accommodate my disability.

_____        Unequal terms and conditions of my employment.

_____        Retaliation.

_____          Other acts *(specify)*: _____.

> ***Note:*** *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B.    It is my best recollection that the alleged discriminatory acts occurred on: _____.

*Date(s)*

C.    I believe that defendant(s) *(check one)*:

_____          is still committing these acts against me.

_____          is not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐    race    _____    ☐    color    _____

☐    gender/sex    _____    ☐    religion_____

☐    national origin    _____

☐    age.    My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐    disability or perceived disability, _____ *(specify)*

E.    The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

> ***Note:*** *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

## III.    Exhaustion of Federal Administrative Remedies:

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.    The Equal Employment Opportunity Commission *(check one)*:

*Rev. 07/2007*                                 3

_____    has not issued a Notice of Right to Sue letter.

_____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

> **Note:** *Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.    Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

_____    60 days or more have elapsed.

_____    less than 60 days have elapsed.

## IV.    Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this \_\_\_ day of _____, 20\_\_.

Signature of Plaintiff    _____

Address    _____

_____

_____

_____

Telephone Number    _____

Fax Number *(if you have one)*    _____

*Rev. 07/2007*                4